# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

IN RE:  
**KENNETH & NANCY CONTRERAS**  
DEBTORS  
_____/

Case No. 24-48600-tjt  
Judge Thomas J. Tucker  
Chapter 7

## ORDER *DENYING* DEBTORS' MOTION "TO EXTEND DISCHARGE DATE"

This case is before the Court on the Debtors' motion, filed on January 8, 2025, entitled "Debtor's Ex-Parte Motion To Extend Discharge Date" (Docket # 40, the "Motion"). The Motion seeks an order delaying the date of the Debtors' discharge "through February 28, 2025 to allow the Debtors sufficient time for the Court to adjudicate the Debtors' pending Motion to Redeem." (*See* Motion, proposed order). The Debtors fear that if they obtain a discharge in this Chapter 7 case before their motion to redeem is decided, they "will lose their ability to redeem" their vehicle. (Motion at ¶ 6.) They also fear that "upon discharge, the automatic stay will lift – which may subject the Debtors to losing the [v]ehicle entirely." (Motion at ¶ 7.)

The Debtors' Motion cites no authority to support their stated fears. And contrary to the Debtors' stated fears, the entry of a discharge will not adversely affect the Debtors' ability to redeem their vehicle that is the subject of their pending motion to redeem (Docket # 38). Even if the Debtors obtain a discharge

now, their pending motion to redeem will remain pending, and can and will be decided on the merits, under 11 U.S.C. § 722. And to the extent the motion to redeem is granted, the Debtors' resulting right to redeem will be effective. Whether a discharge order is entered now or later, this bankruptcy case will not be closed before the redemption motion is resolved.

In addition, even if the Debtors obtain a discharge now, the automatic stay will continue to apply to their vehicle, under 11 U.S.C. § 362(c)(1), because that vehicle will remain property of the bankruptcy estate until this bankruptcy case is closed. *See* 11 U.S.C. § 554(c).[1] The secured creditor has not filed a motion for relief from stay with respect to the vehicle. Nor is it clear that the automatic stay has terminated with respect to the vehicle under 11 U.S.C. § 362(h)(1)(B).[2]

For these reasons, the Court concludes that the relief the Debtors seek in their Motion is unnecessary, so there is no good cause to grant such relief. Accordingly,

IT IS ORDERED that the Motion (Docket # 40) is denied.

---

[1] The Debtors scheduled the vehicle in question in their Schedule A/B, and did not claim any exemption for the vehicle in their Schedule C. (Docket # 16).

[2] And even if the automatic stay *has* terminated with respect to the vehicle under § 362(h)(1)(B), that is so whether a discharge is entered now or not.

**Signed on January 9, 2025**

  /s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge